MARIE CAPUTO *vs.* JAY WELLS.

Third Judicial District. Bridgeport April Term 1930.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, JS.

Argued April 9th—decided April 17th, 1930.

*Philip Reich,* for the appellant (plaintiff).

*Omar W. Platt,* for the appellee (defendant).

PER CURIAM. The jury might reasonably have found: On a clear day, in broad daylight, the plaintiff, before attempting to cross Fairfield Avenue in the business center of Bridgeport at a point in the middle of a long block about four and one half feet from the rear of defendant's automobile, which was parked parallel with the curb and facing the east, looked and saw the car was motionless. She then left the curb, walked directly across the street to a point on a line with the left or north side of the car and was standing there a moment waiting for traffic to pass before continuing across the street. Prior to plaintiff's passing

from the curb the defendant looked through the rear window of his Lincoln coupe, in which he sat in the driver's seat, but saw no one in the rear of his car. From that time on the defendant looked toward the front and not the rear of his car. As the plaintiff stood watching for an opportunity to continue across the street the defendant, without blowing his horn or giving other signal of his intention to back his car and without looking to his rear, backed his car against the plaintiff, knocked her down and dragged her for a short distance causing the injuries for which she sues.

Upon these facts the defendant was negligent in failing to comply with the statute, "Every driver of a vehicle, before slackening its speed, stopping or backing, shall indicate by signal his intention to slacken its speed . . . or to back . . ." Section 8, Chapter 334 of the Public Acts of 1921; *Murphy* v. *Way,* 107 Conn. 633, 638, 141 Atl. 858. Aside from the statute, if the jury found these to be the facts, the defendant's conduct under the common law would clearly constitute negligence. We cannot hold the plaintiff to have been negligent in crossing the street at a point other than the cross-walk; on the contrary the facts found indicate that her conduct was that of a reasonably prudent person similarly situated. The trial court was in error in setting aside the verdict.

There is error, and the Court of Common Pleas is directed to enter its judgment on the verdict with interest from its date.