ARTURO LAZA, demandante y apelante, *v.* WHITE STAR BUS LINE, INC., demandada y apelada.

Núm. 6905.—*Sometido:* Febrero 12, 1936. *Resuelto:* Febrero 19, 1937.

*Mariano Acosta Velarde,* abogado del apelante; *Celestino Iriarte, F. Fernández Cuyar* y *H. González Blanes,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR WOLF emitió la opinión del tribunal.

La corte inferior hizo más o menos el siguiente resumen de los hechos esenciales: que en la mañana del día 7 de marzo de 1932 el demandante abordó el autobús número P 29 de la demandada para ser conducido desde Santurce a San Juan; que en la Avenida Ponce de León y frente al Casino de Puerto Rico, a la salida de la capital, la demandada tiene establecida una parada o estación para que los pasajeros suban o desciendan de sus vehículos, y al llegar a dicho sitio el autobús en que viajaba el demandante paró detrás de otro autobús propiedad de la demandada, tablilla número P 180; que el demandante descendió del autobús en que viajaba e intentó cruzar la avenida Ponce de León por el pasadizo o espacio existente entre dichos dos vehículos; que al moverse, el autobús número P 180 retrocedió y atrapó el cuerpo del demandante, fracturándole el muslo, con el resultado de que el demandante quedó lesionado, cojo, teniendo necesidad de usar muletas para andar. Los actos específicos de negligencia imputados a la demandada fueron (*a*) retroceder la guagua P 180 sin dar aviso o señal; (*b*) retroceder la guagua P 180 sin que el chófer de la misma se cerciorase si había alguna persona detrás de dicho vehículo; (*c*) no estar provisto del espejo correspondiente para poder ver hacia atrás, etc.; (*d*) no haber los empleados de la demandada advertido al chófer de la guagua P 180 que al retroceder atraparía al demandante; (*e*) el hecho de que la demandada tenía conocimiento del uso o costumbre que tenían los pasajeros de cruzar por detrás de dichos vehículos al abordar o descender de los mismos, y al no tomar precauciones para evitar el accidente. La corte desestimó la demanda.

El apelante en su alegato discute el pronunciamiento de la corte inferior al efecto de que el retroceso de la guagua de la demandada no fué un acto voluntario. En otras palabras, que el chófer no intentó ir hacia atrás. Quizá

la intención pudiera desempeñar algún papel, pero si la demandada tenía motivo para saber la tendencia a retroceder, la intención no tendría mucho que ver en el caso. Sucede que al tiempo del accidente existía un declive (que ya no existe) en la carretera hacia el este y que al quitar los frenos de una guagua, ésta tendía a retroceder. No nos ha convencido el apelante que dicho retroceso fuera un acto de negligencia.

■■ El apelante también dió algún énfasis a la conclusión de la corte inferior de que la guagua estaba equipada con el espejo correspondiente. No estamos exactamente de acuerdo con dicha corte cuando dice que después de una inspección por los funcionarios llamados a hacerla, etc., surgiría la presunción de que la compañía cumplía con la ley y que por lo tanto tenía un espejo. Lo que sí creemos, sin embargo, es que existe una inferencia ordinaria de hecho de que la guagua estaba provista de un espejo y que como parte de su imputación de negligencia el demandante estaría obligado a demostrar la falta del mismo. Esta discusión resulta no tener importancia debido a la manera en que ocurrió el accidente.

■ El demandante penetró detrás del autobús por el lado derecho, estando la guagua de frente para el oeste. En ese sitio ningún espejo podría haber permitido al chófer ver el peligro inminente del demandante o posiblemente aun el cuerpo de éste. El demandante estaba demasiado cerca a la parte trasera de la guagua. El acto de cruzar y el de iniciar su marcha la guagua ocurrieron casi simultáneamente. El supuesto espejo no habría ayudado al chófer a evitar el accidente.

■ Otra crítica del apelante es que la corte inferior no resolvió claramente si lo que hubo fué falta de negligencia por la demandada o negligencia contribuyente de parte del demandante. La corte dijo, entre otras cosas, que el demandante pudo haber continuado su marcha por la acera hasta llegar a la esquina y allí haber cruzado la calle. No esta-

mos del todo seguros de que esta consideración milita en contra del demandante, ya que no aparece que haya un policía de tránsito estacionado en la esquina o que los vehículos sean controlados por luces. Lo que más especialmente resolvió la corte fué que cuando un hombre cruza entre dos vehículos corre su propio riesgo de que le suceda un accidente, y nosotros así lo convenimos.

La corte da énfasis al hecho de que el demandante dijo que se había lanzado a cruzar. Este último explicó que no había querido significar con esta frase prisa especial alguna, y resolvemos que sus palabras carecían de importancia.

El apelante sostiene que la corte convino en que había un espacio de dos metros entre las guaguas. Las palabras de la corte fueron las siguientes:

"Los testigos del demandante calculan de uno a uno y medio metros el espacio que había entre los dos autobuses; los de la demandada de 8 pulgadas a un pie o pie y medio. Claro que estas medidas se alejan por completo de la realidad; el demandante en su honesta declaración, dijo que al bajar vió que entre la primera y la segunda guagua había espacio bastante para pasar y se lanzó a ello. De esto debemos inferir que la alegación de pasadizo o pasaje que hace en su demanda es la correcta y que el espacio entre una y otra era estrecho."

Creemos, como tienden a demostrarlo la evidencia y la fuerte probabilidad, que la corte quiso decir que el espacio entre las dos guaguas era estrecho. Apreciando todo el testimonio llegamos a la conclusión de que la distancia era quizá un metro o menos. Probablemente si la distancia hubiese sido mayor, nada hubiera ocurrido que lesionase al demandante cuando retrocedió la guagua.

El demandante declaró que se viró un poquito cuando vió que el vehículo retrocedía. Quizá si hubiera seguido rápidamente, nada serio le habría ocurrido. Esta consideración de por sí no tiene mucha significación.

Más que ninguna otra cosa, resolvemos que esta lesión, en cuanto a la compañía se refiere, participa de la naturaleza de

un accidente inevitable, o que el demandante fué primordialmente responsable de lo sucedido. La demandada no pudo prever que algo ocurriría. Si otras personas habían cruzado antes, aparentemente lo habían hecho con seguridad. Nada hay que demuestre que el demandante no eligió un momento desgraciado para cruzar, bien sea en cuanto al tiempo o porque el espacio entre las dos guaguas era demasiado estrecho. La corte propiamente hizo recaer el peso de la responsabilidad sobre el demandante y la falta de una caracterización adecuada de negligencia no desempeñó ni desempeña un gran papel para la corte inferior o para nosotros.

*Debe confirmarse la sentencia apelada.*

Los Jueces Asociados Señores Córdova Dávila y Travieso no intervinieron.

El Juez Presidente Señor Del Toro disintió.*