JUAN B. DEFENDINI, demandante y apelante, *v.* WHITE STAR BUS LINE, INC., demandada y apelada.

Núm. 8364.—*Sometido:* Marzo 6, 1942. *Resuelto:* Mayo 1, 1942.

*Ortiz Toro* y *Ortiz Toro,* abogados del apelante; *Celestino Iriarte, F. Fernández Cuyar* y *H. González Blanes,* abogados de la apelada.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

Juan B. Defendini entabló demanda en la Corte de Distrito de San Juan contra la White Star Bus Line, Inc., en

reclamación de \$3,300 por los daños y perjuicios que alegó que había sufrido al ser arrollado por una de las guaguas de la demandada, con más las costas y \$500 por honorarios de abogado.

Contestó la demandada, fué el pleito a juicio y la corte lo decidió por sentencia de julio 18, 1940, declarando la demanda con lugar pero fijando la indemnización en quinientos dólares y los honorarios en cien.

No conforme el demandante con la cuantía, apeló para ante este tribunal. Imputa a la corte sentenciadora error al no condenar a la demandada a pagarle dos mil dólares por sufrimientos físicos y angustia mental, al no condenarla a reintegrarle mil seiscientos dólares por concepto de beneficios dejados de percibir con motivo del accidente, al no condenarla a pagar los ciento veinte dólares gastados por el demandante por hospedaje suyo y de su esposa en San Juan y al fijar los honorarios en cien dólares. Discute esos señalamientos de error en un alegato de treinta y una páginas. La demandada los impugna en otro de veinte.

Veamos en qué basó su criterio la corte sentenciadora. En su relación del caso y opinión declaró probados los siguientes hechos:

"Que el día 3 de enero de 1939, como a las nueve y media de la mañana, el demandante, Juan B. Defendini, viajaba en una guagua de la demandada desde Santurce a San Juan; que al llegar la guagua a la Plaza Baldorioty en esta ciudad se detuvo frente al establecimiento comercial 'La Hormiga de Oro' y varios pasajeros se bajaron antes que el demandante; que en el momento en que el demandante, después de haber pagado el importe del pasaje, se disponía a bajarse de la guagua el *chauffeur* la echó a andar, cayendo el demandante a la acera y continuando la guagua hasta la parada reglamentaria frente al establecimiento comercial 'La Samaritana'; que el demandante como consecuencia de la caída se fracturó el tobillo izquierdo, según se comprobó por la radiografía que le hicieron en el Hospital Municipal donde fué llevado y se lo entablillaron el primer día y al día siguiente le fué enyesada la pierna izquierda y se recluyó en el hogar de su hermano en Santurce, donde

estuvo de cama por espacio de un mes; que el demandante sufrió intensos dolores en la pierna, teniendo que usar morfina para mitigarlos, y también grandes molestias con motivo de tener la pierna enyesada y no poder moverse ni hacer sus necesidades sin la ayuda de su esposa o hermano que tenían que sujetarlo; que el demandante residía con su esposa e hijos en Villalba y había venido a San Juan el día antes del accidente a atender a ciertos negocios relacionados con la Sucesión Negrón de Villalba, de la cual era administrador con un sueldo de $50 mensuales y casa; que como consecuencia del accidente no pudo seguir en dicho cargo y lo renunció; que el demandante incurrió en gastos de médico y medicinas, pero no le pagó nada a su hermano durante el mes que estuvo en su casa; que después de levantarse el demandante tuvo que usar muletas para andar durante algún tiempo; que ahora el demandante está trabajando en Tesorería y vive en casa de su hermano y le paga $30 al mes por casa y comida; que el chauffeur de la demandada al ser denunciado en la Corte Municipal en relación con el accidente, se declaró culpable y pagó una multa; que a pesar de que la parada de las guaguas de la demandada en la Plaza Baldorioty es frente a 'La Samaritana,' muchas veces dichas guaguas hacen paradas en otros sitios en dicha plaza desde la esquina de la farmacia en la calle de la Cruz hasta 'La Samaritana.' "

Hecha esa declaración concluyó la corte que el accidente "se debió a la negligencia del chauffeur de la demandada al echar a andar la guagua en el momento en que el demandante se bajaba," y con respecto a la cuantía de los daños dijo y resolvió:

"En cuanto a la cuantía de los daños reclamados por el demandante, la corte considera que son muy exagerados, y es de opinión que, de acuerdo con todos los hechos probados y las circunstancias del caso, una indemnización, en conjunto, de $500 es justa y razonable."

Condenó además a la demandada en costas y honorarios de abogado que fijó en cien dólares.

Hemos estudiado la transcripción de la evidencia que consta de ciento cincuenta y una páginas y si bien encontramos exagerada y sin justificación cumplida la reclamación por concepto de ganancia dejada de obtener, nos parece que

la indemnización por sufrimientos físicos no se apreció en su justo valor.

Basándonos en los propios hechos declarados probados por la corte sentenciadora, nos encontramos que el demandante a virtud de la clara negligencia del empleado de la demandada, cayó desde el estribo de la guagua hasta la acera de la calle, fracturándose un tobillo, que fué llevado al hospital donde se le entablilló la pierna el primer día y se le enyesó el segundo, que estuvo recluído por espacio de un mes y sufrió intensos dolores en la pierna enyesada, necesitando la ayuda de su esposa y de su hermano para poder moverse, incurriendo además en gastos de médico y medicinas.

Es cierto que no hay una regla exacta aplicable ni base para un cálculo matemático en casos de esta naturaleza, pero, atendidas las circunstancias que concurren y los precedentes establecidos, no obstante el tipo moderado de indemnización que se ha venido aplicando en esta isla y la práctica de no intervenir con la apreciación que haga la corte sentenciadora, nos parece tan claro que quinientos dólares no es la suma adecuada, que consideramos nuestro deber doblarla, por lo menos.

También nos parecen insuficientes los honorarios de abogado concedidos. El trabajo que los autos muestran que se realizó, demanda que la suma concedida sea doblada de igual modo.

*En su consecuencia debe declararse el recurso con lugar, modificándose la sentencia apelada en el sentido de fijar la indemnización de mil dólares y los honorarios en doscientos, y, así modificada, confirmarse.*

El Juez Asociado Sr. Todd, Jr., no intervino.