Luz María San Antonio, Plaintiff and Appellant-Appellee, v. Jiménez & Fernández, Sucrs., et, al., Defendants and Appellees-Appellants.

No. 8729.   Argued February 16, 1944.—Decided March 6, 1944.

_F. Fernández Cuyar_ for appellant.   _E. Martínez Rivera_ for appellee.

Mr. Justice Todd, Jr., delivered the opinion of the court.

The District Court of San Juan sustained a complaint for damages in this case and adjudged the defendants to pay the plaintiff $1,250 as compensation. Both parties have appealed and the appeals have been consolidated.

Plaintiff's appeal is limited to challenging the insufficiency of the sum awarded. We shall decide in the first place defendants' appeal wherein they allege that the lower court erred (1) in holding that the proximate cause of the accident suffered by the plaintiff was the omission on the part of defendants' employee to give warning upon backing up the bus, (2) in holding that the plaintiff was not negligent and that even assuming her negligence she was not estopped from obtaining compensation, and (3) upon adjudging the defendants to pay a sum as excessive as $1,250 wherein the sum of $250 for medical fees, which were not claimed, was included. We shall consider the first two assignments jointly.

We have read the transcript of the evidence filed in this case and we are of the opinion that the statement of proved facts set forth by the lower court in its opinion discloses a just and accurate weighing of the evidence introduced by both parties, and which reads as follows:

" . . . That on the 23d of September, 1941, about five o'clock in the afternoon, on Tanca Street of this city, and while plaintiff was walking along the left sidewalk of said street, from north to south, there was parked on said street to the right of the same from south

to north, commercial bus No. C–272, the property of codefendant Jiménez & Fernández, Sucrs., driven by an employee of said codefendant, acting then and there within the scope of his employment, and besides the same there was parked, at a distance of from three to four meters from said bus a touring car. That upon trying to cross the said street between the two vehicles and while she was standing in the left rear part of the said commercial bus looking downward, that is, in a southerly direction in order to see if automobiles which might prevent her from continuing across the street were coming up, the said bus, without giving any warning whatsoever backed up hitting the plaintiff with its left rear part and striking her down against the pavement. That as a result of said fall, plaintiff suffered injuries and contusions on her body and the fracture of the left humerus in the upper third of the neck, with some displacement of the head of the humerus, having been confined in the School of Tropical Medicine Hospital of this city where she remained hospitalized for a period of twenty-four days; that she was treated until June 16, 1943; that she spent several nights without being able to sleep and especially on the day of the accident she spent the entire night sitting on a rocking chair and has suffered strong pains in the left arm, which has been partially disabled up to 25% in its stretching ability; that she lost eight pounds and lost her appetite for sometime. That at the time of the accident plaintiff was fifty years old, single, and worked in the Biological Laboratories of the Department of Health, receiving a salary of $54 per month and due to the fact that she was a temporary employee, she did not receive her salary from said 23d of September 1941, until December 1, 1941, the date on which she resumed work with the Insular Government in the Department of Health, where she continues to receive the same salary of $54 per month. That Dr. Noya, the doctor who assisted her charged for his services the sum of $250, which is the reasonable value for the same. That codefendant Eagle Indemnity Company, at the time of the accident was the insurer of the said commercial bus for the benefit of third persons who might have suffered damages as a consequence of the operation of said vehicle.''

There is nothing in the record to justify this court in varying in any way whatsoever the conclusions of fact arrived at by the lower court, especially if we take into consideration the occular inspection made by the judge and as a result of which he also stated in his opinion as follows: ·

"In the case at bar we had the opportunity to inspect the bus which caused the accident and sit in the driver's sit making it possible for us after said inspection to arrive at the conclusion that no matter how hard one may try to look backwards by using the mirrors therein it is impossible to see a person who may be standing in front of any one of the rear ends of said vehicle, this being the reason why its driver did not see plaintiff, and this being so, the driver of co-defendant Jiménez & Fernández, Sucrs., was negligent in backing up said vehicle without giving any warning whatsoever and without being entirely certain that there was no person or thing whatsoever in back of the same, in order to prevent his causing damage to person or property . . . "

A state of facts similar to that previously described was present in the case of *Caputo* v. *Wells*, 149 Atl. 855, and the court held that even in the absence of a statute "the defendant's conduct under the common law would clearly constitute negligence."

Appellants apparently rest their appeal almost exclusively on what was held by this court in the case of *Laza* v. *White Star Bus Line*, 51 P.R.R. 8. The facts proved in the case at bar show that the *Laza* case is clearly distinguishable. Defendant Laza alighted from a bus employed in the transportation of passengers which came to a halt behind another which had also stopped; both busses had their motors running and the plaintiff knowing that both had to continue moving proceeded to cross between both vehicles. At that moment the bus in front upon beginning to move had to back up due to a decline in the road and it hit the plaintiff. These facts show not only the lack of negligence on defendants' part but also that plaintiff assumed the risk of crossing between two busses which at any moment might have begun to move. On the contrary, in the case at bar, plaintiff saw that not only the commercial bus, but the touring car as well were parked and had their motors shut-off and she crossed between the two vehicles without any difficulty whatsoever. There was nothing to indicate

to her that the bus would suddenly move backwards. The fact that the driver of the bus failed to give warning before backing it up was the proximate cause of the accident and constituted negligence. *Flores* v. *Succrs. of Pérez Bros.,* 29 P.R.R. 977; Sec. 31, Act No. 140 of 1940 (Laws of 1940, p. 814); *Hernández* v. *Alvarado,* 41 P.R.R. 89.

The lower court did not err in holding that, although plaintiff tried to cross Tanca Street at a point other than that specified in some municipal ordinances, this fact was not the proximate cause of the accident. The evidence showed that although plaintiff did not cross the street at the corner where the policeman stood, she took all precautions necessary to make certain that no other cars were running on said street at that moment.

The efforts of codefendant's driver to straighten up his bus allowing it to coast backwards without giving any warning whatsoever had nothing to do with the transit of other vehicles on said street or with any obligation which the municipal ordinances might impose on pedestrians to cross the street at the intersection and not at a point in the middle of it. If the bus had been driven along Tanca Street with due care and plaintiff had negligently risked crossing said street, in violation of the traffic ordinances, the fact situation and the legal consequences arising therefrom would be different. In the case of *Caputo* v. *Wells, supra,* this same problem arose since the facts show that plaintiff crossed at a point in the middle of a long street, that she likewise stopped in order to see if any vehicle was coming, and that at that moment defendant whose car was parked backed up without giving any warning whatsoever and ran over plaintiff, and the court said: "We cannot hold the plaintiff to have been negligent in crossing the street at a point other than the cross-walk; on the contrary the facts found indicate that her conduct was that of a reasonably prudent person similarly situated."

We will now consider the third error assigned by defendants' as well as plaintiff's appeal since both question the reasonableness of the compensation awarded by the lower court. Defendants hold that the sum is excessive and plaintiff on her part argues that it is insufficient and furthermore that defendants should be adjudged to pay attorney's fees.

In the recent case of *Defendini* v. *White Star Bus Line, Inc.*, 60 P.R.R. 357, this court considering it inadequate, raised from $500 to $1,000 the compensation for physical sufferings awarded plaintiff, who although he suffered the fracture of an ankle as a result of an automobile accident, was not permanently disabled.

In the case at bar the compensation awarded also seems to us to be completely inadequate. Not only were the physical and mental sufferings of plaintiff proved, but also that her left arm is permanently disabled up to 25 per cent in its stretching ability. According to the facts that the lower court deemed proved, the accident was caused solely by the negligence of the driver of codefendant Jiménez & Fernández, Sucrs. As to the way in which the accident took place said driver was defendants' only witness and at all times he admitted that he had not blown his horn upon allowing the bus to coast backwards. Defendants' obstinacy in denying responsibility for the accident seems to us to be obvious.

Taking into consideration the attendant facts, we are of the opinion that plaintiff is entitled to receive $2,250 as compensation and furthermore that defendants must be adjudged to pay $200 for attorney's fees.

Defendants' appeal is dismissed and plaintiff's appeal is sustained, and consequently, the judgment appealed from is accordingly modified and, as thus modified, affirmed.