Luz María San Antonio, demandante, apelante y apelada, *v.* Jiménez & Fernández, Sucrs., e Eagle Indemnity Company, demandadas, apeladas y apelantes.

Núm. 8729.—*Sometido:* Febrero 16, 1944. *Resuelto:* Marzo 6, 1944.

*F. Fernández Cuyar,* abogado de la apelante apelada; y *E. Martínez Rivera,* abogado de las apeladas apelantes.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

La Corte de Distrito de San Juan declaró con lugar la demanda de daños y perjuicios en este caso y condenó a los demandados a pagar a la demandante $1,250 de indemnización. Ambas partes apelaron y los recursos han sido consolidados.

El recurso de la demandante se limita a atacar la insuficiencia de la cuantía concedida. Resolveremos primero el de los demandados en el que alegan que la corte inferior erró (1) al resolver que el accidente sufrido por la demandante tuvo como causa próxima la omisión del empleado de la demandada al dejar de dar aviso cuando hizo mover la guagua hacia atrás, (2) al resolver que la demandante no fué negligente y que en el supuesto de que lo hubiera sido no está impedida de obtener indemnización, y (3) al condenar a los demandados a pagar una suma tan excesiva como $1,250 en la cual se incluyó $250 para honorarios médicos que no fueron reclamados. Trataremos los dos primeros señalamientos conjuntamente.

Hemos leído la transcripción de la evidencia elevada en este caso y somos de opinión que la relación de hechos probados que consignó la corte inferior en su opinión revela

una apreciación justa y acertada de la prueba presentada por ambas partes, y la cual dice así:

"...Que el día 23 de septiembre de 1941, a eso de las cinco de la tarde, en la calle de la Tanca de esta ciudad, y mientras la demandante caminaba por la acera izquierda de dicha calle en dirección de Norte a Sur, estaba estacionada en dicha calle, a la derecha de la misma en dirección de Sur a Norte, la guagua comercial tablilla número C-272, propiedad de la codemandada Jiménez & Fernández, Sucrs., manejada por un empleado de dicha codemandada, actuando allí y entonces dentro de las atribuciones de su empleo, y detrás de la misma estaba estacionado también, a una distancia de tres o cuatro metros de la referida guagua, un automóvil de turismo. Que al tratar de cruzar la demandante la citada calle pasando entre dichos dos vehículos, y mientras estaba parada en la parte trasera izquierda de la mencionada guagua comercial, mirando hacia abajo, o sea, hacia l Sur de dicha calle, para ver si subían automóviles que le impidieran terminar de cruzar la misma, la referida guagua, sin dar aviso de clase alguna, dió marcha hacia atrás, dándole a la demandante con la parte trasera izquierda y lanzándola al pavimento. Que como resultado de dicha caída, la demandante sufrió lesiones y contusiones en su cuerpo, y la fractura del húmero izquierdo en el tercio superior del cuello con algún desplazamiento de la cabeza del húmero, habiendo sido recluída en el Hospital de Medicina Tropical, de esta ciudad, donde permaneció hospitalizada por espacio de veinticuatro días; que estuvo bajo tratamiento hasta junio 16 de 1942; que estuvo varias noches sin poder dormir, y especialmente el día del accidente pasó toda la noche sentada en un sillón, y ha sufrido fuertes dolores en el brazo izquierdo, el que ha quedado parcialmente incapacitado en un 25 por ciento de su extensión; que perdió ocho libras de peso, y perdió el apetito durante algún tiempo. Que a la fecha del accidente la demandante tenía cincuenta años de edad, era soltera, trabajaba en los Laboratorios Biológicos del Departamento de Sanidad, devengando un sueldo de $54 mensuales, y por ser la misma empleada temporera dejó de percibir su sueldo desde dicho día 23 de septiembre de 1941 hasta el día 1 de diciembre de 1941 fecha en que continuó trabajando con el Gobierno Insular en el Departamento de Sanidad, donde continúa devengando el mismo sueldo de $54 mensuales. Que el Dr. Noya, médico que la asistió, cobró por sus servicios la suma de $250, que es el valor razonable de los mismos. Que la codemandada Eagle Indemnity Company, a la fecha del accidente, era la aseguradora de la referida guagua comercial, para

beneficio de terceros, que sufrieran daños como consecuencia de la operación de dicho vehículo.''

Nada hay en el récord que pueda justificar que esta Corte varíe en forma alguna las conclusiones de hecho a que llegó la corte inferior, especialmente si tomamos en consideración la inspección ocular que el juez practicó y como consecuencia de la cual también hizo constar en su opinión lo siguiente:

"En el presente caso tuvimos oportunidad de inspeccionar la guagua que causó el accidente y de sentarnos en el asiento del guía de la misma, pudiendo llegar, después de dicha inspección, a la conclusión de que, por grandes esfuerzos que se hagan para mirar hacia atrás por los espejos que existen en la misma, no es posible ver a una persona que esté parada en cualquiera de las esquinas traseras de dicho vehículo, siendo éste el motivo por el cual su conductor no pudo ver a la demandante, y siendo ello así el *chauffeur* de la codemandada Jiménez & Fernández, Sucrs. fué negligente al hacer retroceder dicho vehículo sin dar aviso de clase alguna y sin estar completamente seguro de que no había persona o cosa alguna detrás del mismo, para evitar el causar daño a persona o propiedad...''

Una situación de hechos similar a los anteriormente expuestos surgió en el caso de *Caputo* v. *Wells,* 149 Atl. 855 y la corte resolvió que aun en ausencia de un estatuto ''la conducta del demandado bajo la ley común claramente constituía negligencia.''

Los apelantes aparentemente fundan su recurso casi exclusivamente en los resuelto por esta corte en el caso de *Laza* v. *White Star Bus Line,* 51 D.P.R. 9. Los hechos probados en el caso de autos demuestran que dicho caso es claramente distinguible. El demandante Laza se bajó de una guagua utilizada para el transporte de pasajeros que se detuvo detrás de otra que ya estaba estacionada; ambas tenían sus motores en movimiento y, sabiendo el demandante que ambas tenían que continuar su marcha empezó a cruzar de entre ambos vehículos. En ese momento la guagua delantera al iniciar su marcha tuvo que retroceder debido al declive de la carretera y cogió al demandante. Estos hechos demuestran no sólo la falta de negligencia de la demandada

sino que el demandante asumió el riesgo de cruzar entre dos guaguas que en cualquier momento podían iniciar su movimiento. Por el contrario, en el caso de autos, la demandante vió que tanto la guagua comercial como el carro de turismo estaban estacionados y con sus motores apagados y ella pasó sin dificultad alguna entre los dos vehículos. Nada podía indicarle que la guagua habría de moverse hacia atrás súbitamente. El no haber dado el chófer de la guagua aviso antes de echarla hacia atrás fué la causa próxima del accidente y constituyó negligencia. *Flores* v. *Sucrs. de Pérez Hnos.*, 29 D.P.R. 1046; Sec. 31, Ley núm. 140 de 1940 (Leyes de 1940, (1) pág. 815); *Hernández* v. *Alvarado,* 41 D.P.R. 88.

█ No cometió error la corte inferior al resolver que aun cuando la demandante trató de cruzar la calle Tanca por un sitio distinto al especificado por unas ordenanzas municipales, ese hecho no fué la causa próxima del accidente. La prueba demostró que la demandante, aun cuando no cruzó la calle por la esquina donde estaba situado el policía, tomó todas las precauciones necesarias para cerciorarse de que por dicha calle no estaban transitando en ese momento otros vehículos. La actuación del chófer de la codemandada al efectuar la maniobra de alinear su guagua dejándola ir hacia atrás sin dar aviso de clase alguna, nada tenía que ver con el tránsito de otros vehículos por dicha calle y con cualquier obligación que la ordenanza municipal pudiera imponer a los peatones de cruzar por las esquinas y no por el medio de la calle. Si la guagua hubiera estado transitando por la calle Tanca con el debido cuidado y la demandante, negligentemente, se hubiera expuesto a cruzar dicha calle, en violación de las ordenanzas de tránsito, otra sería la situación de hechos y las consecuencias legales que surgirían. En el caso de *Caputo* v. *Wells,* supra, también se presentó esta cuestión pues los hechos demostraron que la demandante cruzó por el medio de una calle larga, que también se detuvo para observar si venía algún vehículo y que en ese momento el demandado, que tenía su automóvil estacionado, dió marcha

hacia atrás sin dar aviso alguno y arrolló a la demandante, y la corte dijo: "No podemos sostener que la demandante fuera negligente al cruzar la calle en un sitio distinto a la esquina (*crosswalk*); por el contrario, los hechos probados demuestran que su conducta fué la de una persona razonablemente prudente que se confrontara a una situación similar."

Pasamos a considerar el tercer error señalado por los demandados y el recurso de la demandante, conjuntamente, ya que por ellos se plantea la razonabilidad de la cuantía de la indemnización concedida por la corte inferior. Los demandados sostienen que la cuantía es excesiva y la demandante por su parte arguye que es insuficiente y además que debió condenarse a los demandados a pagar honorarios de abogado.

En el reciente caso de *Defendini* v. *White Star Bus Line,* 60 D.P.R. 365, esta Corte, por considerarla inadecuada, aumentó de $500 a $1,000 la indemnización por sufrimientos físicos concedida al demandante, que si bien sufrió la fractura de un tobillo como consecuencia de un accidente de automóvil, no quedó con incapacidad permanente alguna. También se aumentó de $100 a $200 los honorarios de abogados concedidos.

En el caso de autos también nos parece completamente inadecuada la indemnización concedida. Se probó, no sólo los sufrimientos físicos y mentales de la demandante, sino que su brazo izquierdo ha quedado permanentemente incapacitado en un 25 por ciento en sus movimientos de extensión. De acuerdo con los hechos que la propia corte sentenciadora declaró probados el accidente se debió únicamente a la negligencia del chófer de la codemandada Jiménez & Fernández Sucrs. En cuanto a la forma en que ocurrió el accidente dicho chófer fué el único testigo de los demandados y en todo momento admitió que no había tocado *klaxon* ni bocina al echar la guagua hacia atrás. La temeridad de los demandados al negar su responsabilidad por el accidente nos parece obvia.

Tomando en consideración los hechos concurrentes, cree-

mos que la demandante tiene derecho a percibir una indemnización de $2,250 y que además los demandados deben ser condenados a pagar $200 en concepto de honorarios de abogado.

*Se desestima el recurso de los demandados y se declara con lugar el de la demandante, y, en su consecuencia, se modifica la sentencia apelada en la forma anteriormente expuesta, y así modificada, se confirma.*