ZORRILLA, DEMANDANTE Y APELANTE, *v.* ORESTES ET AL.,
DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Primera, en pleito sobre cumplimiento de contrato y opción de venta.

No. 2368.—Resuelto en marzo 23, 1921.

OPCIÓN—NOTIFICACIÓN SUFICIENTE—CONSIGNACIÓN.—Habiéndose obligado el dueño de una finca para con el arrendatario de la misma a notificarle con cincuenta días de antelación cualquier contrato de venta de la finca arrendada que intentara realizar, a fin de dar oportunidad al arrendatario para sustituirse en lugar del comprador, sin que se estableciera fórmula alguna de notificación; habiendo el arrendatario demandado al dueño para que le notificara cierto contrato de venta que tenía concertado, y habiéndose el dueño allanado e incluído en su contestación una copia del contrato: actuó correctamente la corte de distrito al negarse a aceptar la consignación del precio de la venta hecha por el arrendatario después de transcurridos más de cincuenta días de conocer por la indicada contestación la existencia y los términos del repetido contrato.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. J. S. Alegría* y *J. Texidor.*

Abogados de los apelados: *Sres. J. Martínez Dávila* y *F. de la Torre.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

Se apela en este caso de una sentencia de la Corte de Distrito de San Juan por virtud de la cual se declaró mal hecha cierta consignación de dinero.

Aparece de los autos que el 3 de junio de 1911 los dueños de una finca rústica situada en Manatí, la arrendaron por término de ocho años a Francisco Brunet, haciéndose constar en la escritura de arrendamiento lo que sigue:

"Quinta: En caso de venta de toda la finca arrendada o de cualquiera de los condominios de que se compone, los vendedores preferirán al señor Brunet en igualdad de condiciones y precio a cuyo fin le concederán cincuenta días de término para resolver si hace o no uso de tal derecho. Si transcurrido ese plazo el arrendatario no optare por la compra, los vendedores impondrán al comprador la

obligación de respetar el presente contrato de arrendamiento, bajo todas sus cláusulas y condiciones hasta expirar su término.''

Brunet cedió a Enrique Zorrilla sus derechos emanados del indicado contrato y Zorrilla, en junio de 1919, interpuso una demanda alegando que uno de los condueños de la finca de que se trata había convenido la venta de su condominio con Jaime Calaf, difiriendo el otorgamiento de la escritura para después del 30 de julio de 1919, fecha en que terminaba el contrato de arrendamiento. Zorrilla pidió a la corte que declarara su derecho a ser notificado del convenio entre el condueño y Calaf, a fin de estar en condiciones de hacer o no hacer uso de su preferencia.

Después de haberse suscitado y resuelto varias cuestiones previas, el condueño demandado contestó, allanándose a la demanda y exponiendo que decidido por la corte que el derecho reconocido a Brunet era trasmisible ''ningún inconveniente tiene en notificar al demandante el contrato hecho con el Sr. Calaf, para que utilice el derecho que crea asistirle.'' Y seguidamente se transcribió en la contestación literalmente el contrato.

La contestación fué notificada al abogado del demandante el 8 de diciembre de 1919 y la corte dictó sentencia el 30 de enero de 1920. No se impusieron las costas al demandado y el demandante apeló para ante el Tribunal Supremo, habiéndose confirmado la sentencia apelada el 15 de julio de 1920. Así las cosas, el 26 de agosto de 1920 Zorrilla requirió al condueño para que percibiera la suma de $13,650, precio del convenio con Calaf, y le otorgara la correspondiente escritura de venta. El condueño se negó. Acudió entonces Zorrilla a la Corte de Distrito consignando la cantidad. El condueño se opuso alegando que el plazo de cincuenta días que tuvo Zorrilla para hacer valer su derecho, había vencido. Y la corte dictó la sentencia apelada, resolviendo la cuestión en contra de Zorrilla.

Todo el derecho que pueda tener Zorrilla, emana de la

cláusula quinta de la escritura de arrendamiento que dejamos transcrita. Dice esa cláusula que en caso de venta se preferirá a Brunet (Zorrilla) en igualdad de condiciones y precio, a cuyo fin se le concederán cincuenta días de término para resolver si hace o no uso de tal derecho.

Cuando en 26 de junio de 1919 Zorrilla estableció su demanda, alegó en general la existencia del convenio con Calaf. Lo que él no conocía eran sus términos. Tal convenio no podía perjudicarle mientras estuviera subsistente el contrato de arrendamiento y con él su derecho de preferencia a comprar la finca. Al contestar el demandado no se limitó a allanarse sino que en verdad hizo lo que solicitaba el demandante, esto es, le dió a conocer literalmente el contrato celebrado con Calaf. Desde que la contestación redactada en esos términos le fué notificada al demandante en la persona de su abogado, el demandante tenía todos los datos que necesitaba para resolverse a hacer o no hacer uso de su derecho.

El contrato envuelve implícita una notificación, pero no dice en que forma deberá hacerse. Siendo esto así, nos parece lógica y justa la actitud asumida por la Corte de Distrito. El demandante tuvo una amplia oportunidad para ejercitar su derecho y dejó pasarla. El no puede alegar que desconocía la existencia del contrato, ni que ignoraba los términos exactos del mismo. Y a eso era a lo que él en verdad tenía derecho. Una vez que el contrato y sus términos fueron por él conocidos, comenzó a correr el plazo de cincuenta días que tenía para decidir si tomaba o no el lugar del comprador.

Debe confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.