González Rivera, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
Mediante el presente recurso el Sr. Héctor Luis Ortiz Torres (Sr. Ortiz Torres) apela una *1078 sentencia emitida por el Tribunal de Primera Instancia, Sala Superior de Guayama, la cual decretó la resolución de un contrato con cláusula de opción a compra y le ordenó devolver a la apelada, Luz María Borges (señora Borges), la suma de ocho mil dólares ($8,000.00).
I
El 10 de julio de 1993, las partes suscribieron un contrato de arrendamiento con una opción a compra sobre un inmueble localizado en el Municipio de Patillas. La duración del contrato fue por ocho meses y el precio de venta acordado de $58,000.00 dólares. La señora Borges entregó el día que firmó el contrato la cantidad de $4,000.00 dólares para ser acreditados al precio de venta. Convino en ejercer la opción a compra en o antes del 22 de marzo de 1994.
La señora Borges realizó gestiones para conseguir el financiamiento para poder adquirir el inmueble. Para ello, requirió al apelante documentos e información relacionada al inmueble sobre el cual se iba a constituir la hipoteca. Estos documentos incluían, certificaciones de resistencia de la madera y resistencia a los vientos huracanados, entre otros. El apelante, Sr. Ortiz Torres, entregó algunos de dichos documentos. Vencido el término del arrendamiento sin que se ejerciera la opción a compra, las partes renovaron el término del contrato por un mes adicional bajo las mismas condiciones. La señora Borges entregó otros $4,000.00 para ser abonados al precio del inmueble. Vencido este segundo término, la señora Borges tampoco ejerció su derecho de opción a compra.
El 30 de mayo de 1995, la señora Borges presentó una demanda, en la cual solicitó la intervención del tribunal para que le concediera algún remedio justo y equitativo incluyendo la suspensión de los efectos del contrato.
Luego de la vista en su fondo, mediante sentencia de 29 de enero de 1997, el Tribunal de Primera Instancia decretó la resolución del contrato y ordenó a Ortiz Torres devolver la cantidad retenida de $8,000.00.
II
La opción a compra es una figura que no está expresamente regulada por nuestro Código Civil. Lo encontramos en la Ley Hipotecaria de 1979, Art. 38, inciso 4to. (30 L.P.R.A 2201 (4)) y en nuestro acervo jurisprudencial. Se llama contrato de opción el convenio por el cual una parte llamada concedente, promitente u optatario concede a otra llamada optante, por tiempo fijo y en determinadas condiciones, la facultad, que se deja exclusivamente a su arbitrio, de decidir respecto a la celebración de un contrato principal. Castán, Derecho Civil Español, Común y Foral (8va ed., 1956), tomo 4, pág. 43; Atocha Thom McAn Inc. v. Registrador, 123 D.P.R. 571 (1989); Del Toro v. Blasini, 96 D.P.R. 676 681-682 (1968).
El optante está en libertad para dejar perfeccionado el contrato o para desistir de hacerlo durante el tiempo señalado. La perfección de la opción depende exclusivamente del optante. Puig Brutau, Fundamentos de Derecho Civil (1956), tomo II, Vol. II, Pág. 51.
El contrato de opción a compra es descrito como uno de naturaleza transitoria y movediza; puede ser un contrato principal o un pacto accesorio de otro. Atocha, supra. Se rige por las reglas generales de las obligaciones y contratos. El promitente ofrece para la venta que al ser aceptada por el optante en el plazo convenido queda, por lo tanto, perfeccionada. Pérez v. San Pedro, 86 D.P.R. 526 (1962). De esta forma el promitente queda sujeto al cumplimiento específico de lo pactado o al resarcimiento en daños y perjuicios de acuerdo con las normas generales de la contratación. Artículos 1091, 1255 y 1256 del Código Civil. 31 L.P.R.A., secs. 2994, 3372 y 3373.
Cuando a un arrendatario se le da un derecho de opción o un trato preferente para la *1079 compra de un bien inmueble dentro de un plazo y no lo ejerce dentro del mismo, pierde cualquier reclamación que presente o alegue formalmente en los tribunales. Zorrilla v. Oreste, 29 D.P.R. 234(1921).
Véamos ahora los hechos y apliquemos a éstos el derecho.
111
Los contratantes Ortiz Torres y esposa así como la señora Borges firmaron un contrato de arrendamiento sobre una propiedad perteneciente a la Sociedad Legal de Gananciales compuesta por los primeros. Se incluyó en el mismo una cláusula de opción a compra, la cual debía ejercerse por la señora Borges en o antes del 22 de mayo de 1994.
Luego de vencido el primer plazo en el que la señora Borges no ejerció su derecho de opción, las partes extendieron el contrato bajo las mismas condiciones por un término adicional de un (1) mes, el cual vencía el 30 de octubre de 1994. La señora Borges tampoco ejerció su derecho de opción dentro de dicho plazo.
Surge de la exposición narrativa estipulada de la prueba que la señora Borges declaró durante el juicio que por razón de estar en posesión del inmueble no tenía inconveniente alguno para obtener o realizar las pruebas que necesitaba para obtener el financiamiento.
Atestó que no hubo acuerdo alguno en cuanto a que los esposos Ortiz Torres se obligaron en el contrato a proveerle información a ella para ayudarle a conseguir financiamiento y así poder ejercer su derecho de opción de compra.
Este Tribunal ha examinado el contrato de arrendamiento y opción de compra otorgado el 10 de julio de 1993 entre las partes en litigio, así como la extensión al mismo, firmado el 19 de septiembre de 1994 y hemos podido constatar que dicho aspecto no fue objeto de contratación.
De los contratos surge claramente que la intención de las partes fue realizar la venta de la propiedad. Dicho acuerdo no estaba sujeto a que la Sra. Nieves Borges consiguiera el financiamiento para poder ejercer su opción, así tampoco se obligó de forma alguna a los esposos Ortiz Torres a colaborar con ésta para facilitarle la labor de conseguir el dinero necesario para ejercer su opción de compra. Por lo tanto, no existiendo obligación por parte de los apelantes de proveer documentación a la señora Borges para ésta conseguir el financiamiento y no habiendo la optante ejercido su derecho dentro del término estipulado, el Tribunal de Primera Instancia incidió en la apreciación de la prueba al decretar la resolución del contrato y ordenar la devolución de las sumas retenidas del precio de venta.
Por ello, se revoca la sentencia apelada y se desestima la demanda instada.
Así lo acordó el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General