CARL V. MATRICARDI, peticionario y recurrente, *v.* JUAN T. PEÑAGARÍCANO, ETC., demandado y recurrido.

*Número*: CE-65-28        *Resuelto*: 3 de febrero de 1967

*Jorge Benítez Gautier* y *Aurelio Emanuelli Belaval,* abogados del peticionario; *Miguel Franquiz Ventura, Eduardo A. Ruiz* y *José E. Rodríguez Rosaly,* abogados del demandado.

1

Sala Primera integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Blanco Lugo, Rigau y Ramírez Bages.

EL JUEZ ASOCIADO SEÑOR RIGAU emitió la opinión del Tribunal.

Emilio Rivera Guerrero, inquilino, tenía en arrendamiento un local comercial, sito en el Reparto Metropolitano, en Río Piedras, propiedad del recurrente. El inquilino tenía depositados con el arrendador $300.00 por concepto de fianza. En 24 de enero de 1963 dicho inquilino le vendió su negocio—muebles y equipo—a un Sr. García y, sin permiso del arrendador, le cedió el arrendamiento del local a García. La transacción se hizo por "cerca de ocho mil pesos," según declaró el propio inquilino Rivera Guerrero.

No estuvo conforme el arrendador con esa cesión que de la propiedad arrendada hizo Rivera Guerrero, pero luego de discutir el asunto Rivera Guerrero y el arrendador convinieron en que el arrendador retendría para sí los $300.00 de la fianza por concepto de compensación que le pagaba Rivera Guerrero con tal de que el arrendador aceptase la cesión del arrendamiento hecha por Rivera a favor de García. Rivera Guerrero firmó un recibo al arrendador por la mencionada fianza y el arrendador retuvo dicha suma como pago por el concepto antes dicho en virtud del convenio a que llegaron Rivera y él.

Luego de hecha esta transacción Rivera solicitó del Administrador de la Administración de Estabilización Económica que ordenase al arrendador devolverle los $300.00. Así lo hizo el Administrador y en su día el Tribunal Superior, Sala de San Juan, confirmó al Administrador. Expedimos el recurso.

No procede dicha devolución y en cambio procede que revoquemos la sentencia del Tribunal Superior. En primer lugar, la cesión de la propiedad arrendada que hizo el inquilino Rivera a favor de García, sin permiso del arrendador, fue una cesión ilegal, lo cual daba derecho al arrendador a

negar la prórroga del contrato de arrendamiento. La Ley de Alquileres Razonables vigente al tener lugar la transacción que aquí discutimos disponía que el arrendador podría negar la prórroga del contrato de arrendamiento y en su consecuencia promover la acción de desahucio cuando hubiese "el inquilino subarrendado o cedido el uso de la propiedad arrendada, en todo o en parte, sin la autorización escrita del arrendador." 17 L.P.R.A. sec. 193(3).[1]

Fue en vista de ese derecho que tenía el arrendador de objetar a la cesión del arrendamiento y de desahuciar al nuevo inquilino si fuese necesario, que el inquilino-vendedor Rivera aceptó pagarle los $300.00 al arrendador para que aceptase la cesión del uso del local y para que no desahuciase al nuevo inquilino García.

Lo que en realidad ocurrió es que el inquilino Rivera y su arrendador hicieron sobre el asunto de la cesión del arrendamiento un contrato nuevo, separado e independiente del de arrendamiento que había existido entre ellos. Rivera sabía que había actuado fuera de ley y que el arrendador tenía el derecho de no aceptar esa cesión del local que fue hecha sin su consentimiento. Para obtener el consentimiento del arrendador, porque dicho consentimiento le era conveniente, Rivera aceptó pagarle los $300.00 al arrendador.

Erraron el Administrador y el Tribunal Superior al creer que se trataba de un cobro en exceso del canon legal. Se trata sencillamente de un nuevo contrato cuya causa era para el arrendador los $300.00 y para Rivera el consentimiento que daba el arrendador a la cesión de la propiedad arrendada. Art. 1226 del Código Civil, 31 L.P.R.A. sec. 3431. No es de aplicación pues, el caso de *Peñagarícano, Admor.* v. *Tribl. Superior*, 81 D.P.R. 877 (1960). Allí se trataba de un cobro de sobreprecio. El canon fijado por el Administrador era

---

[1] Dicha sección fue enmendada en 19 de junio de 1964 por la Ley Núm. 67 de esa fecha. 17 L.P.R.A. sec. 193(2A). Suplemento.

de $57.70 por mes y se estaban cobrando $75.00. En el caso de autos no se trata de un cobro de sobreprecio, sino de la situación que ya hemos descrito. El acuerdo a que llegaron el arrendador y el inquilino Rivera fue beneficioso para Rivera pues mediante la suma de $300.00 obtuvo un consentimiento al cual no tenía derecho en ley y no se le deshizo su negocio de $8,000.00 con García. El propio Rivera declaró en la vista en la Administración de Estabilización Económica, al explicar el pago de los $300.00, que ". . . no iba a perder mi negocio . . . no es un negocio de centavos sino de miles de pesos . . ."

Lo que realmente es sorprendente es que Rivera, luego de haber hecho el contrato que hemos descrito con el arrendador para obtener su consentimiento a la cesión del local, fuese a la Administración de Estabilización Económica con la pretensión de recobrar el precio que había pagado por el consentimiento que deseaba y que obtuvo de la otra parte contratante. Ni el Derecho ni los Tribunales de Justicia existen para facilitar o permitir a los contratantes evadir el cumplimiento de sus obligaciones. *Fraus et jus nunquam cohabitant. United Hotels of P.R.* v. *Willig*, 89 D.P.R. 188 (1963); *Silva* v. *Comisión Industrial*, 91 D.P.R. 891 (1965); *Shivell* v. *Barber y Boscio*, 92 D.P.R. 400 (1965).

*Se revocará la sentencia dictada.*