# 98 DTA 193

TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL V DE PONCE Y AIBONITO

LUIS ANTONIO GONZALEZ MARTINEZ ET. ALS.
Demandantes-Apelados

v.

BALDRAMINA GONZALEZ MUÑIZ ET. ALS.
Demandadas-Apelantes

Núm. KLAN-98-00267

San Juan, Puerto Rico, a 5 de agosto de 1998

Panel integrado por su Presidente, el Juez Negrón Soto
y los Jueces Aponte Jiménez y Segarra Olivero

Negrón Soto, Juez Ponente

**TEXTO COMPLETO DE LA SENTENCIA**

Baldramina González Muñiz, en adelante la apelante, presentó este escrito de apelación solicitando la revocación de una sentencia dictada por el Tribunal de Primera Instancia, Sub-sección de Distrito,

Sala de Yauco, mediante la cual se le ordenó a ésta otorgar una escritura de compraventa de un terreno de su propiedad, según lo dispuesto en un contrato de compraventa suscrito con el apelado, Luis González Martínez, en lo sucesivo González. Además, dicho Foro dispuso que la apelante venía obligada a pagar a González $2,500 por los gastos incurridos en la tramitación de la segregación del terreno en controversia. Finalmente el Tribunal apelado le impuso a la apelante el pago de $2,500 en concepto de honorarios de abogado.

Por los fundamentos que expondremos más adelante modificamos la sentencia apelada, a los únicos efectos de reducir a $500 la suma impuesta en concepto de honorarios de abogado. Veamos los hechos pertinentes.

## I

El 4 de marzo de 1992 la apelante y González otorgaron un contrato de opción de compraventa, mediante el cual la primera se comprometió a venderle al segundo una *porción* de terreno de seis cuerdas de un inmueble de su propiedad por $6,000. ■ González pagó a la apelante $2,000 en el acto, pactándose en el mencionado contrato que al otorgarse la escritura de compraventa éste pagaría $4,000 a la apelante.

González, con la autorización de la apelante, obtuvo el permiso de la Administración de Reglamentos y Permisos, en adelante ARPE, para la segregación del referido terreno. Entonces González intentó infructuosamente de reunirse en diversas ocasiones con la apelante para proceder al otorgamiento de la escritura de compraventa y así consumar el antes referido contrato, a la que ésta se negó sin tener motivo alguno para ello. ■

Luego de estos incidentes, González demandó a la apelante. Solicitó al Foro apelado que ordenara a la apelante que otorgara la escritura de compraventa y le condenara a pagar una suma no menor de $1,000 por los gastos y daños ocasionados por la renuencia de la apelante de cumplir con lo pactado en el contrato de opción de compraventa, $2,500 en concepto de honorarios de abogado y $25,000 por los sufrimientos y angustias mentales alegadamente sufridos.

El Tribunal de Primera Instancia declaró con lugar dicha demanda, disponiendo que en el término de 30 días las partes debían otorgar la escritura de compraventa, acto en que González debería pagar los $4,000 restantes del precio de venta a la apelante. Dicho Foro dispuso también en la referida sentencia que la apelante tenía que pagar a González $2,500 por los gastos incurridos por éste en los trámites de la segregación del terreno, además de $2,500 en concepto de honorarios de abogado.

Inconforme con este dictamen la apelante acudió ante nos. Le imputa al Tribunal apelado haber errado al: (i) apreciar la prueba al determinar que el único uso del terreno era agrícola; (ii) no dar crédito a la prueba pericial aportada por ésta; (iii) no aplicar las disposiciones pertinentes de las Reglas de Evidencia; (iv) aquilatar toda la prueba testifical presentada; (v) estimar los daños alegadamente sufridos por González; (vi) determinar que actuó temerariamente; y (vii) no determinar que hubo enriquecimiento injusto.

## II

Consideraremos en conjunto los señalamientos de error primero, segundo, tercero y cuarto, por entender que están íntimamente relacionados. La apelante esencialmente cuestiona la apreciación de la prueba efectuada por el tribunal *a quo*.

Aunque los antes mencionados errores están relacionados con la prueba testifical desfilada ante el tribunal de instancia, la apelante no sometió a este Foro un proyecto de exposición narrativa de la prueba oral pertinente al recurso, según lo requiere la Regla 19 de nuestro Reglamento. Ello se debe a que la apelante no controvierte las determinaciones de hechos formuladas por dicho tribunal.

Es sabido que en ausencia de una transcripción de la evidencia presentada en el expediente de revisión habremos de presumir que la parte apelante acepta sin reservas la situación fáctica determinada por el Tribunal de Primera Instancia. *Acosta Vargas v. Tió*, 87 D.P.R. 262, 264 (1963). Además, véase: *Benítez Guzmán v. García Merced*, 126 D.P.R. 302, 308 (1990).

Además, es norma jurisprudencial reiteradamente sostenida que este Foro apelativo no intervendrá con las determinaciones de hechos ni con la adjudicación de credibilidad efectuada por los jueces de instancia, en ausencia de pasión, prejuicio, parcialidad o error manifiesto. *López Vicil v. I.T.T. Intermedia, Inc.*, **97 J.T.S. 42**, pág. 838; *Quiñones López y otros v. Manzano Pozas y otros*, **96 J.T.S. 95**; *Monllor Arzola v. Sociedad de Bienes Gananciales de González Ortiz*, **95 J.T.S. 77.**

El Juez de instancia aquilató la prueba que le fue presentada y le confirió a ésta la credibilidad que estimó pertinente. En cuanto al testimonio del perito presentado por la apelante el Foro apelado expresamente en su sentencia hace referencia al hecho de que éste no le mereció crédito ni credibilidad alguna. Por otro lado, en una vista ocular efectuada en el terreno, objeto del contrato en controversia, el tribunal concluyó que su único uso viable era agrícola.

No obstante, a los efectos de lo aquí planteado entendemos que es irrelevante el uso del terreno ya que no hay controversia sobre el terreno que fue objeto del contrato de opción de compraventa. Por último, en lo referente a lo alegado por la apelante en cuanto a que González anunció prueba pericial y testifical en la conferencia con antelación al juicio y luego en el juicio no la presentó, desconocemos su alcance ya que la apelante no lo discute en su escrito de apelación ni acredita que hiciera planteamiento alguno sobre ello al Foro apelado. Ciertamente el juzgador de instancia apreció la prueba que se le presentó en el juicio y ninguna de las partes le solicitó ni ofreció otra prueba.

No habiéndose probado la existencia de pasión, prejuicio, parcialidad o error manifiesto procede sostener al Tribunal de Primera Instancia en cuanto a su apreciación de la prueba testifical aportada por las partes en el juicio. En consecuencia, los errores no fueron cometidos.

### III
Consideraremos el quinto error imputado al Tribunal *a quo* al estimar que la apelante debía pagar a González $2,500 por los gastos incurridos en el trámite de segregar el terreno en controversia.

Encontramos que la sentencia apelada está huérfana de determinaciones de hechos que particularicen o detallen los gastos incurridos por la apelante, excepto lo dicho en su parte dispositiva de la Sentencia donde se dice que "*...condena a la parte demandada a indemnizar a la parte demandante en la suma de $2,500.00 por los gastos en que incurrió en sus gestiones para obtener la segregación del predio de terreno en controversia, más las gestiones para poder firmar la correspondiente escritura".* Aunque las partes no presentaron el contrato en controversia, razón por la cual desconocemos lo que estipula, si algo, sobre a quién le correspondía asumir los gastos de segregación, su concesión es el resultado de la solicitud de González en la demanda formulada donde los valoró en no menos de $1,000, alegación que fue negada por las demandadas, aquí apelantes. La discusión de este error por la apelante se circunscribe a señalar que "*...[e]rró el Tribunal al determinar que la parte demandada debe indemnizar a la parte demandante en la cantidad de $2,500 dólares por los gastos en que incurrió en la segregación del previo [sic] de terreno pues la demandante estimó estos daños en $1,000 dólares. Véase demanda en el presente caso (Anejo Núm. 5). Además los gastos por ese concepto fueron en beneficio y de hecho beneficiaron a la demandante pues la Administración de Reglamentos y Permisos accedió a la petición del demandante".* ■

De otro lado, González en su alegato de este recurso, pág. 7, sólo indica que "*...[l]os únicos daños adjudicados por el Tribunal a favor de la parte demandante son los $2,500 que el Sr. Luis González Martínez tuvo que incurrir para conseguir el correspondiente permiso de segregación en ARPE, junto con las varias gestiones que tuvo que realizar para la firma de su tía en la correspondiente escritura".* De este texto se puede inferir que González acepta que esos gastos fueron incurridos. Ante estas circunstancias no podemos entrar a considerar un error no discutido, ya que se limita a repetir el señalamiento formulado. *Pueblo v. Dieppa Beauchamp*, 115 D.P.R. 248 (1984). Así, el apelante no ha puesto en condiciones a este Foro apelativo de atender su planteamiento.

En resumen, el apelante no discute el error levantado y menos aún acredita que la determinación del Foro apelado consignada al final de la sentencia, *supra*, no fue el resultado de la prueba desfilada en el juicio.

Es sabido que los daños se clasifican en generales ■ o especiales. ■ Los primeros son aquellos

cuya evaluación depende de la discreción del tribunal ya que no pueden probarse matemáticamente y los segundos, por tratarse de pérdidas o gastos incurridos, son los que pueden ser calculados de una manera más exacta. Estos últimos deben ser alegados específicamente en la demanda, pues si no se renuncian. Carlos J. Irizarry Yunqué, *ibid*, pág. 346.

Aunque en la sentencia ni en ningún otro documento existe un detalle de las partidas específicas que acrediten los gastos incurridos por González, se puede determinar de ese dictamen judicial que González gestionó la segregación de la parcela opcionada con autorización de los apelantes y que efectuó una serie de trámites para tratar de lograr que la apelante cumpliera con lo acordado, lo que fue objeto de prueba en instancia sin objeción de las partes. Siendo los daños concedidos unos especiales, no pueden catalogarse como daños generales resultantes de las angustias y sufrimientos mentales que el Foro de instancia no concedió. ▪ Por ello no tenemos que entrar a considerar si en el caso de marras eran compensables los daños y sufrimientos mentales alegados por González y no concedidos en la Sentencia apelada. En consecuencia no procede que intervengamos con la determinación del Tribunal de Primera Instancia respecto a los gastos incurridos por la apelante, objeto de este error.

## IV

En su sexto señalamiento de error la apelante sostiene que erró el tribunal *a quo* al determinar que fue temeraria.

La Regla 44.1 (d) de las de Procedimiento Civil, 32 L.P.R.A., Ap. III, dispone que:

*"[e]n caso que cualquier parte haya procedido con temeridad, el tribunal deberá imponerle en su sentencia el pago de una suma por concepto de honorarios de abogado."*

En *Fernández v. San Juan Cement Co., Inc.*, 118 D.P.R. 713, 718-719 (1987), se resolvió que:

*"El propósito principal de autorizar la imposición de honorarios de abogado en casos de temeridad, es la de establecer una penalidad a un litigante perdidoso que por su terquedad, obstinación, contumacia e insistencia en una actitud desprovista de fundamentos, obliga a la otra parte innecesariamente, a asumir las molestias, gastos trabajo e inconveniencias de un pleito, Soto v. Lugo, 76 D.P.R. 444 (1954).* Hemos señalado que la acción que amerita la condena de honorarios de abogado es cualquiera que haga necesario un pleito que se pudo evitar, *McCormick v. Vallés*, 55 D.P.R. 226, 233 (1930); que lo prolongue innecesariamente, *Stella v. Bonilla, supra; Ortiz v. Viera*, 59 D.P.R. 358 (1941), o que produzca la necesidad de que otra parte incurra en gestiones evitables, *San Antonio v. Jiménez & Fernández, Sucs.*, 63 D.P.R. 215, 220 (1944). Como ejemplo hemos resuelto que existe temeridad si el demandado contesta una demanda y niega su responsabilidad total, aunque la acepte posteriormente, *Rodríguez Cancel v. A.E.E.*, 116 D.P.R. 443 (1985); si se defiende injustificadamente de la acción, *Montañez Cruz v. Metropolitan Cons. Corp., supra*; si la parte demandada en efecto cree que la cantidad reclamada es exagerada y esa es la única razón que tiene para oponerse a las peticiones del demandante y no admite francamente su responsabilidad limitando la controversia a la fijación de la cuantía a ser concedida, *Mercado v. American Railroad Co.*, 61 D.P.R. 228 81943); *Reyes v. Aponte*, 60 D.P.R. 890 (1942). Como dijimos en *Pérez Cruz v. Hosp. La Concepción*, 115 D.P.R. 721, 739-740 (1984), si *"[s]e arriesgó a litigar un caso del que se desprendía prima facie la negligencia. debe asumir, pues, la responsabilidad por sus actos. Negar un hecho que le consta es cierto al que hace la alegación también constituye temeridad. Abréu Román v. Rivera Santos, 92 D.P.R. 325 (1965)."* (Notas al calce omitidas).

Además, ha sido resuelto que:

*"No incurre en temeridad una parte que litiga una cuestión que tiene acogida y adjudica por primera vez en la jurisprudencia patria, Brea v. Pardo, 113 D.P.R. 217, 226 (1982), ni cuando el caso es complejo en el cual se hacen planteamientos novedosos". Elba A.B.M. v. U.P.R.*, 125 D.P.R. 294, 330 (1990).

Dicha determinación descansa en la discreción del Tribunal sentenciador. *Quiñones López y otros v. Manzano Pozas y otros, supra; Raoca Plumbing v. Trans World*, 114 D.P.R. 464 (1983).

Una vez se determina tal temeridad, el Tribunal tiene la obligación de imponer en la sentencia el pago de una suma por concepto de honorarios de abogado. *Vega v. Luna Torres,* 126 D.P.R. 370 (1990). Como se dijo en *Santos Bermúdez v. Texaco P.R. Inc.,* 123 D.P.R. 351, 356-357 (1989):

*"[a]l fijar la cuantía de honorarios de abogado [el tribunal] tomar[á] en consideración [factores tales como (1) el grado de temeridad que ha existido [; (2)] la naturaleza del procedimiento [; (3)] los esfuerzos y actividad profesional que haya tenido que desplegarse [, y (4)] la habilidad y reputación de los abogados",* Bernier, *op. cit.,* pág. 33. *Es decir "[s]u cuantificación no tiene que coincidir matemáticamente con el valor real de los servicios prestados o pagados, sino con aquella suma que en consideración al grado de temeridad y demás circunstancias el tribunal concluye que representa razonablemente el valor de esos servicios. Asociación de Condómines v. Trelles Reyes, 120 D.P.R. 574, 579 (1988)."*

Es doctrina jurisprudencial reiteradamente establecida *"...que la partida de honorarios concedida no se variará en apelación, salvo que la misma resulte excesiva, exigua o constituya un abuso de discreción." Corpak v. Ramallo Brothers,* 125 D.P.R. 724, 746 (1990).

Apliquemos estas normas jurisprudenciales a los hechos del caso. La apelante, al contestar la demanda, aceptó el hecho de que ambas partes *"...otorgaron un acuerdo de Compraventa..."* del predio de terreno en controversia y levantó unas defensas que de su faz no eran absurdas, aunque no las probó. El hecho que no demostrara razones válidas para negarse a otorgar dicho contrato, obligando a González a enfrentarse a un juicio contencioso, hace que la apelante haya incurrido en temeridad, máxime cuando todavía insiste en sostener unas alegaciones que no fueron objeto de prueba en instancia y no están avaladas por el derecho. No obstante, las actuaciones de la apelante no llegan al grado de temeridad que justifique la cuantía que le fue impuesta en concepto de honorarios de abogado, máxime si tomamos en consideración el valor del terreno fijado y la reclamación por daños y sufrimientos de los demandantes-apelados a González que no fue probada ni concedida por el Foro apelado. Por ello la suma de $2,500 resulta ser excesiva y procede reducirla a la cantidad de $500.

## V

A la luz del resultado al que hemos llegado, entendemos que es totalmente innecesario entrar a discutir ampliamente el séptimo señalamiento de error planteado por la apelante en su escrito, relativo a que el Foro de instancia debió determinar que en el caso de autos hubo enriquecimiento injusto por parte de González. Al contrario, éste tuvo que vencer a la apelante en un juicio plenario para lograr que se adjudicara la validez del contrato celebrado. Lo concedido por el Tribunal apelado fue lo contemplado por el contrato entre las partes. Es sabido que *"[n]i el derecho ni los Tribunales de Justicia existen para facilitar o permitir a los contratantes evadir el cumplimiento de sus obligaciones." Matricardi v. Peñagarícano Admor.,* 94 D.P.R. 1, 4 (1967).

## VI

Por los fundamentos antes expuestos se modifica la sentencia apelada a los efectos de reducir a $500 la suma impuesta en concepto de honorarios de abogado. Así modificada se confirma.

El Juez Aponte Jiménez confirmaría el dictamen apelado en todos sus términos.

Lo acordó el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

**ESCOLIOS 98 DTA 193**

1. En los autos ante nos no se incluyó el referido contrato de opción de compraventa.

2. En una ocasión, la apelante se negó a firmar la escritura de compraventa porque el cheque, mediante el cual se iba a efectuar el pago, estaba a nombre de un tercero, aunque endosado a su favor. En otro momento González le llevó a la apelante el dinero acordado en efectivo y ésta se negó a cumplir con lo pactado, sin tener razones

válidas para ello.

3. De hecho el apelante no solicitó en su moción del 2 de febrero de 1998 ninguna determinación de hecho adicional al Foro apelado relacionada con este aspecto.

4. "*Son ejemplos de daños generales las lesiones físicas, el dolor, las incapacidades resultantes, las angustias mentales, el daño a la reputación.*" Carlos J. Irizarry Yunqué, *Responsabilidad Civil Extracontractual: Un estudio basado en las decisiones del Tribunal Supremo de Puerto Rico*, Facultad de Derecho de la Universidad Interamericana de Puerto Rico, San Juan, 1995, pág. 346.

5. Ejemplos de daños especiales son los gastos médicos, de hospitalización y de medicinas y equipo para tratamiento; la pérdida de ingresos y el lucro cesante; los probables gastos futuros en que tenga que incurrir una persona para atenderse determinada condición; los daños a la propiedad, pérdida de uso, depreciación. Carlos J. Irizarry Yunqué, *ibid.*

6. Sobre este particular, véase el Artículo 1060 del Código Civil, 31 L.P.R.A. sec. 3024, el cual establece, en lo pertinente, que: "*[l]os daños y perjuicios de que responde el deudor de buena fe son los previstos o que se hayan podido prever al tiempo de constituirse la obligación y que sean consecuencia necesaria de su falta de cumplimiento...*".

Ha sido resuelto que se puede conceder la indemnización cuando esos daños eran previsibles y con motivo de recobrar el incumplimiento de las obligaciones contractuales, si los mismos son causados y "*...se justifica su realidad y su relación directa con el incumplimiento...*". *Díaz Torres v. Rivera*, 96 D.P.R. 560, 568 (1958). Véase, además, *Camacho v. Iglesia Católica*, 72 D.P.R. 353, 363 (1951).