Negrón Soto, Juez Ponente
*748 TEXTO COMPLETO DE LA SENTENCIA
El señor Idel A. Vázquez González apela de la sentencia emitida el 30 de septiembre de 1997, archivada en autos el 4 de noviembre siguiente, por el Tribunal de Primera Instancia, Sala Superior de Ponce, que declaró con lugar la acción de desahucio incoada por el señor Félix Luis López de Victoria contra el primero. Por los fundamentos que se exponen a continuación se confirma la Sentencia apelada.
I
El señor Félix Luis López de Victoria, en adelante demandante, quien es dueño de una propiedad en el Barrio Canas de Ponce, le arrendó un local de su propiedad dedicado a la venta de licores al señor Idel A. Vázquez González, en lo sucesivo demandado, por un canon de arrendamiento de $2,000 mensuales, por el término de siete años. Mediante dicho contrato de arrendamiento, firmado por las partes el primero de noviembre de 1994, el demandado se obligó a pagar cada mes de renta por adelantado. También, se obligó a mantener vigente un seguro de responsabilidad pública y una póliza de seguro contra incendios, las cuales nunca adquirió. Durante el mes de mayo de 1997 se estuvieron haciendo reparaciones al garaje de gasolina que se encontraba en la propiedad del demandante y contiguo al negocio del demandado, el cual le había sido arrendado a la compañía Shell. A consecuencia de dichos trabajos, el demandado, aunque mantuvo funcionando su negocio de venta de licores, se vio afectado de vender el volumen acostumbrado en "sus negocios usuales" y por tal razón no pagó el canon de arrendamiento correspondiente a dicho mes.
El demandante presentó demanda contra el demandado en el Tribunal de Primera Instancia, Sala Superior de Ponce. Alegó que es dueño de una propiedad en el Barrio Canas del Municipio de Ponce, donde está ubicado un local dedicado a un negocio de venta de licores (Liquor Store); que le arrendó el mismo al demandado, señor Idel A. Vázquez González, por un canon de $2,000 mensuales, el cual no ha pagado desde el mes de mayo de 1997; que éste también había incumplido con otras cláusulas del mismo y que a consecuencia de ello le había solicitado el cumplimiento del contrato, el pago de la deuda o el desalojo de la propiedad, a lo cual el demandado se negó.
El demandado contestó la demanda y alegó como defensa afirmativa que éste había pagado toda la renta por el uso de la propiedad objeto de controversia a excepción de la correspondiente al mes de mayo, lo cual no hizo por no haber podido utilizar la propiedad a consecuencia de causas que el alegaba eran imputables al demandante.
Luego de celebrada la vista en el caso, el Tribunal de Primera Instancia, Sala Superior de Ponce, declaró con lugar la demanda y ordenó el desahucio del demandado. Este, mediante moción presentada el 14 de noviembre de 1997, solicitó determinaciones de hechos adicionales, la cual fue declarada no ha lugar por dicho Foro el 8 de enero de 1998, archivada y notificada ese mismo día. Inconforme, el demandado apela ante nos. Alega que el Tribunal de Primera Instancia erró al: concluir que el demandado-apelante violó un contrato de arrendamiento suscrito entre las partes, cuando el contrato quien lo violó flagrantemente fue el demandante-apelado; no tomar en consideración la totalidad de la prueba y fraccionar e interpretar erróneamente las respectivas obligaciones de las partes en el Contrato de Arrendamiento suscrito entre ambas partes.
Luego de presentada la exposición narrativa estipulada de la prueba, el demandante-apelado compareció ante nos y solicitó que confirmemos la sentencia apelada. Estamos preparados para resolver. Por estar estrechamente relacionados discutiremos ambos señalamientos de error en conjunto.
II
Los contratos existen "desde que una o varias personas consienten en obligarse respecto de otra u otras, a dar alguna cosa, o prestar algún servicio." Artículo 1206 del Código Civil de Puerto Rico, 31 L.P.R.A. see. 3371. Estos se perfeccionan "por el mero consentimiento, y desde entonces obligan, no sólo al cumplimiento de lo expresamente pactado, sino también a todas las consecuencias que según *749 su naturaleza sean conformes a la buena fe, al uso y a la ley." Artículo 1210 del Código Civil, 31 L.P.R.A. sec. 3375. A esos efectos es que las obligaciones que de éstos surgen "...tienen fiierza de ley entre las partes contratantes, y deben cumplirse al tenor de los mismos." Artículo 1044 del Código Civil, 31 L.P.R.A. sec. 2994.
El contrato de arrendamiento de cosas se ha definido como un contrato en que "una de las partes se obliga a dar a la otra el goce o uso de una cosa por tiempo determinado y precio cierto." Artículo 1433 del Código Civil, 31 L.P.R.A. sec. 4012. El profesor Vélez Torres, Curso de Derecho Civil, San Juan, Puerto Rico, Rev. Jur. U.I.A., 1990, to. IV, vol. II, págs. 267-268, señaló que este contrato es uno:
"Consensual, porque no necesita para su validez de requisito alguno de forma; es de naturaleza bilateral, toda vez que genera obligaciones recíprocas; es nominado, porque tiene asignado un nombre especial en el Código; es oneroso, porque el precio o renta es la contrapartida del uso y disfrute que propicia el dueño arrendador; es conmutativo, toda vez que la idea de riesgo para una de las partes contratantes no le es inherente y, por último, es de tracto sucesivo, pues engendra una relación obligatoria cuya ejecución se extiende a lo largo de un período de tiempo. En atención a su naturaleza bilateral nuestro Código Civil de Puerto Rico, ibid, establece las siguientes obligaciones para las partes. El arrendador queda obligado a:

"A entregar al arrendatario la cosa objeto del contrato.

A hacer en ella durante el arrendamiento todas las reparaciones necesarias afín de conservarla en estado de servir para el uso a que ha sido destinada.

A mantener al arrendatario en el goce pacífico del arrendamiento por todo el tiempo del contrato.

A suscribir y entregar al arrendatario un recibo por cada pago hecho por éste." Artículo 1777 del Código Civil, 31 L.P.R.A. see. 4051. .
De otro lado, el arrendatario deberá:
"A pagar el precio del arrendamiento en los términos convenidos.

A usar la cosa arrendada como un diligente padre de familia, destinándola al uso pactado; y en defecto de pacto, al que se infiera de la naturaleza de la cosa arrendada según la costumbre de la tierra.

A pagar los gastos que ocasione la escritura del contrato." Artículo 1445 del Código Civil, 31 L.P.R.A. sec. 4052.
Las obligaciones de pago de precio y la de "proporcionar el goce y disfrute pacífico de la cosa que es objeto del contrato" son esenciales en el contrato de arrendamiento. Franceschi v. Texaco P.R., Inc., 103 D.P.R. 755, 762-763 (1975). Al respecto el profesor Vélez Torres, ibid, págs. 278-279, expresa que:

"La falta de pago del precio (la renta periódica o anualidad) podría dar lugar a que el arrendador declare resuelto el contrato de arrendamiento por incumplimiento del arrendatario. Igualmente, el arrendatario podría hacer lo mismo (resolver por incumplimiento) en el caso de que el arrendador no cumpla con su obligación principal de proporcionarle a aquél Ids condiciones que propicien el pleno disfrute del bien."

Las partes quedan obligadas a cumplir con las obligaciones antes expresadas y en caso de incumplimiento del arrendador o del arrendatario éstos "podrán pedir la rescisión del contrato y la indemnización de daños y perjuicios, o sólo esto último, dejando el contrato subsistente." Artículo 1446 del Código Civil, 31 L.P.R.A. sec. 3373. Matricardi v. Peñagaricano, Admor., 94 D.P.R. 1 (1967), del Código del Civil, 31 L.P.R.A. sec. 4053.
*750 En Del Toro v. Blasini, 96 D.P.R. 676, 683-684 (1968), caso en que el arrendatario alegaba que la arrendadora había incumplido previamente su obligación contractual, por lo que él quedaba relevado de cumplir con la suya, nuestro más alto Foro expuso que:
"En las obligaciones bilaterales o sinalagmáticas la obligación asumida por cada uno de los contratantes tiene por causa la prestación que le ha sido prometida en cambio. Es lo que se denomina la mutua condicionalidad. De no ejecutarse esta prestación por cualquier motivo la obligación correlativa cesa de tener causa. De ordinario estas prestaciones son de cumplimiento simultáneo. Pero hay casos en que no hay siempre lugar a la ejecución simultánea como en el arrendamiento que por su propia naturaleza —contrato de tracto sucesivo— se opone a tal simultaneidad. Así el arrendador debe poner al arrendatario en el goce pacífico de la cosa arrendada y surge entonces la obligación recíproca del pago del canon convenido. De ahí que es cuando el arrendador no procura al arrendatario el goce prometido que éste puede invocar la excepción del contrato no cumplido." Velázquez, Las Obligaciones según el Derecho Puertorriqueño, 1964, págs. 70-72.
De lo expuesto resulta que la obligación quebrantada por la arrendadora no podía sostener la defensa de obligación no cumplida. Aparece que al arrendatario, independientemente de las diferencias entre las partes sobre los términos del contrato, se le ha mantenido ininterrumpidamente en el goce y posesión del inmueble arrendado. Subsistía, por ende, su obligación de pagar la renta. El pacto relativo a la inscripción de contrato en el Registro de la Propiedad es uno de carácter accesorio o complementario, Municipio v. Vidal, 65 D.P.R. 370 (1945), Sentencia del Tribunal Supremo de España de 5 de enero de 1935, Jurisp. Civil, t. 217, pág. 36. Cf. Vélez v. Ríos, 76 D.P.R. 860 (1954), cuyo incumplimiento no relevaba al arrendatario del pago de la renta. La sanción por su incumplimiento no tiene consecuencias en la esfera de la reciprocidad, y su única sanción es la que precisamente ha logrado el arrendatario, el resarcimiento de los daños que con ello se le ocasionaron." Véase, González v. Goenaga, 51 D.P.R. 179, 185 (1937).
Alega el apelante que erró el Tribunal de Primera Instancia al no tomar en consideración toda la prueba presentada; interpretar erróneamente las obligaciones de las partes, según surgen del contrato de arrendamiento; y finalmente, concluir que él había incumplido con el mismo cuando quien verdaderamente violó lo contratado fue el demandante. A esos efectos, expuso que los trabajos que realizó la compañía Shell en el local contiguo al suyo, durante veinte días, sin haber sido previamente avisado de que se iban a llevar a cabo los mismos, le impidieron el comercio, produciéndole un daño permanente ya que dejó de percibir ingresos en un ciento veinte por ciento. Por ello, dejó de hacer el pago del mes de mayo de 1997 y solicitó un ajuste del alquiler. Además, expuso que no había adquirido el seguro de responsabilidad ya que había una cubierta extensiva a todo el edificio. No le asiste la razón. Veamos.
En el caso de marras las partes firmaron un contrato de arrendamiento por el término de siete años. El mismo establecía, en lo pertinente, las siguientes obligaciones entre las partes:

"PRIMERA

...El contrato de arrendamiento es por el término de siete (7) años a partir del 1ro. de noviembre de 1994, a base de un canon mensual de DOS MIL DOLARES ($2,000.00) que serán pagaderos por mensualidades adelantadas.

SEGUNDA

El pago de alquileres se verificará precisamente por meses adelantados en el sitio que designe el arrendador. En caso de pagos hechos por cheques, el arrendador no vendrá obligado a expedir recibo hasta la aceptación por el Banco contra el cual se haya girado dicho cheque.

TERCERA

El arrendador incoará la acción correspondiente de desahucio si vencida la mensualidad no fuere pagada, y todos los gastos y costos judiciales y honorarios de abogado que por este motivo u otro análogo de incumplimiento de este contrato se causen, serán de cuenta y abonados por la parte 
*751
arrendataria. Ambas partes interesadas en este contrato se someten exclusivamente a la jurisdicción de los Tribunales de Puerto Rico, secciones de Ponce.

CUARTA

La parte arrendataria se obliga a no ceder, vender, subarrendar ni traspasar el todo o parte de la propiedad arrendada, ni destinarlo a uso distinto al asignado. El local arrendado será usado para "Liquor Store".

La parte arrendataria se obliga a no hacer obra, variación o instalación alguna sin que para ello obtenga autorización escrita del arrendador. Si el arrendador optase porque se repusiese el local al estado que tenía, se harán las obras por los operarios del arrendador a cuenta y pago de la parte arrendataria...

SEPTIMA

El arrendador no será responsable por daños y perjuicios ni por ningún accidente ocurrido o que pueda ocurrir dentro de la propiedad arrendada causando a la parte arrendataria, como a empleados, familiares o visitantes o cualquiera persona, que provenga directa o indirectamente, o en cualquier otra forma de inundaciones, desprendimiento o de cualquier parte del local arrendado, o por cualquier golpe, lesión o daño ocasionado por desconchado de la mampostería, si la hubiere, cemento del edificio, viguería, o cualquier parte del local a menos que la lesión o daño haya sido causada por un desperfecto o condición peligrosa aparente que se le haya notificado por escrito al arrendador; ni de daños y perjuicios que por cualquier causa ocasionare en el mobiliario, mercancía o cualquier otra propiedad del arrendatario...

NOVENA

La parte arrendataria deberá proveerse de un seguro de "Public liability" como también de póliza contra fuego y extinguidores de fuego...

DECIMO — PRIMERA

En el caso de que el inmueble objeto del presente contrato y sus premisas resultasen afectadas o destruidas por cualquier causa de manera tal que el inmueble dejase de servir sus propósitos el contrato se dará por terminado...

VIGESIMO — SEGUNDA

Cualquier falla a una de las cláusulas de este contrato por parte del arrendador será motivo para cancelar este contrato en su totalidad y el arrendador vendrá obligado a entregar la propiedad en los próximos quince (15) días."

De la prueba presentada por las partes el Tribunal de Primera Instancia, Sala Superior de Ponce, encontró probado que durante el mes de mayo el garaje Shell hizo reparaciones a su negocio lo que afectó seriamente el negocio de licores del demandado, el cual, sin embargó, pudo continuar operando; que el demandante ni la gasolinera Shell le indicaron al demandado que dichos arreglos se llevarían a cabo y a consecuencia de ello éste se negó a pagar el canon de arrendamiento del mes de mayo, suma que tampoco consignó en el tribunal. Finalmente, el Foro de instancia determinó que el demandado tampoco cumplió con su obligación de adquirir un seguro de responsabilidad pública.
Considerando lo antes expresado concluimos que el demandado nunca se vio privado del "goce y posesión del inmueble arrendado". A esos efectos, el tribunal de instancia determinó que "el arrendatario continuó utilizando el local arrendado durante el período en que realzaron [sic] las reparaciones en la gasolinera." Sentencia apelada, pág. 4.
En el pleito de autos, al igual que en el caso de Toro v. Blasini, supra, subsiste la obligación del demandado de pagar el canon de arrendamiento acordado. Así, es forozoso concluir que no se *752 cometieron los errores imputados por el apelante al Foro apelado. 
III
En atención a lo antes expresado se confirma la Sentencia emitida por el Tribunal de Primera Instancia, Sala Superior de Ponce, el 30 de septiembre de 1997.
Lo acordó el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General